**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS**

Civil Action No. _____

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

MORGAN STANLEY CAPITAL GROUP INC.,

        Defendant.

## STIPULATION OF SETTLEMENT AND ORDER

WHEREAS Plaintiff United States of America, by authority of the Attorney General of the United States and acting at the request of the United States Environmental Protection Agency ("EPA"), filed a Complaint against Defendant Morgan Stanley Capital Group Inc. ("MSCG") pursuant to Sections 211(d) and 205(b) of the Clean Air Act, 42 U.S.C. §§ 7545(d) and 7524(b), to recover penalties relating to Defendant's production of reformulated blendstock for oxygenate blending ("RBOB") that did not meet the applicable volatile organic compound ("VOC") reduction standards of the EPA's reformulated gasoline ("RFG") program as required by Sections 211(c) and (k) of the Clean Air Act and 40 C.F.R. § 80.65(i)(3)(i);

WHEREAS on June 2, 2015, and August 21, 2015, Defendant self-disclosed the violations alleged in the Complaint to the EPA under the EPA's Incentives for Self-Policing: Discovery, Disclosure, Correction and Prevention of Violations ("Audit Policy"), 65 Fed. Reg. 19,618 (April 11, 2000);

WHEREAS the EPA has determined that Defendant has met all nine conditions set forth in the Audit Policy and is therefore eligible for mitigation of gravity-based penalties that could otherwise be assessed;

WHEREAS Plaintiff and Defendant have agreed that settlement of this matter is in the public interest and that entry of this Order without further litigation is the most appropriate means of resolving this matter;

WHEREAS Defendant denies the allegations in the Complaint and does not admit that it has any liability to the United States arising out of the transactions or occurrences alleged in the Complaint; and

NOW THEREFORE, before the taking of any testimony, without adjudication or admission of any issue of fact or law, and upon consent and agreement of the Parties to this Stipulation, it is hereby AGREED, STIPULATED, and ORDERED:

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1345 and 1355 and 42 U.S.C. §§ 7524 and 7545.

2. The obligations of this Stipulation apply to and are binding upon the United States and upon the Defendant and its successors. Any change in Defendant's ownership or corporate status shall not alter its obligations hereunder.

3. Defendant MSCG shall pay to the United States of America a total penalty of $1,119,000 not later than thirty calendar days after entry of this Stipulation as an Order of the Court. Payment of this amount shall be made to the United States by electronic funds transfer ("EFT") to the U.S. Department of Justice lockbox bank, referencing the DOJ file number 90-5-2-1-11758. Payment shall be made in accordance with the instructions provided by the United States to MSCG upon entry of this Stipulation. Payment by EFT must be received by the U.S.

Department of Justice lockbox bank by 11 a.m. to be credited on that day.  A copy of the EFT transmittal notice shall be delivered to:

> Director, Air Enforcement Division
> U.S. Environmental Protection Agency
> 1200 Pennsylvania Avenue, N.W.
> Mail Code: 2242A
> Washington, D.C. 20460
>
> and
>
> Chief, Environmental Enforcement Section
> Environmental and Natural Resources Division
> U.S. Department of Justice
> P.O. Box 7611
> Ben Franklin Station
> Washington, D.C. 20044-7611
> Re: DOJ #90-5-2-1-11758

4.      Within ten (10) business days of receipt of MSCG's payment referred to above, the United States shall file a notice with the Court, indicating that payment has been received, and that the United States' claims against MSCG alleged in the Complaint are dismissed with prejudice, with each party bearing its own costs and attorney fees.

5.      In the event that Defendant does not comply with the payment obligations of Paragraph 3 above, it shall be in violation of this Stipulation and shall pay a stipulated penalty to the United States in the amount of three thousand dollars ($3,000) per day for each day that the civil penalty remains unpaid.  Stipulated penalties shall accrue regardless of whether Defendant has been notified of a violation or demand for payment by the United States.  Stipulated penalties shall be paid in the same manner as that provided for in Paragraph 3 above for payment of the civil penalty.  Further, interest shall continue to accrue on the unpaid balance of civil and/or stipulated penalties in accordance with 28 U.S.C. § 1961 commencing on the date that such penalties are due and continuing until paid.  If payment specified in Paragraph 3 is not made

when due, then, in addition to other remedies herein, the United States reserves the right to move this Court to vacate this Stipulation.

6. If the payment provided for in this Stipulation is not timely paid, this Stipulation shall be considered an enforceable judgment for purposes of post-judgment collection of any unpaid amounts in accordance with Rule 69 of the Federal Rules of Civil Procedure, the Federal Debt Collection Procedure Act, 28 U.S.C. §§ 3001-3308, and other applicable federal authority. MSCG shall be liable for reasonable attorneys' fees and costs incurred by the United States to collect any amounts past due under this Stipulation.

7. This Court shall retain jurisdiction for the purpose of interpreting and enforcing this Stipulation.

8. MSCG's payment of the civil penalty identified in Paragraph 3 above and any stipulated penalties and interest required by Paragraph 5 above shall resolve MSCG's civil liability to the United States for violations identified in the Complaint.

9. MSCG waives any counterclaims against the United States that might have been filed in this action.

10. Subject to Paragraph 8, in any subsequent proceeding brought by the United States, MSCG shall not assert any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case.

11. Nothing in this Stipulation is intended to operate in any way to resolve any civil claims other than those addressed in Paragraph 8 or any criminal liability of MSCG or its agents, successors, assigns, or other entities or persons otherwise bound by law.

12. This Stipulation may not be construed to prevent or limit the rights of the United States to obtain penalties or injunctive relief under the Clean Air Act, or under other federal laws, regulation, or permit conditions, except as provided in Paragraph 8.

13. Civil penalties and any stipulated penalties paid pursuant to this Stipulation are not deductible by Defendant or any other person for federal tax purposes.

14. Nothing in this Stipulation creates, nor shall it be construed as creating, any rights or claims in favor of any person not a Party to this Stipulation.

15. Defendant is responsible for achieving and maintaining complete compliance with all applicable federal, state, and local laws, regulations, and permits.  Except as provided in Paragraph 8, Defendant's compliance with this Stipulation is not a defense to any action commenced pursuant to said laws, regulations, or permits.

16. There are no separate agreements or understandings with respect to this matter that have not been set forth in this Stipulation.

17. This Stipulation may be executed by the Parties in separate counterparts, each of which when so executed and delivered shall be an original, but all such counterparts shall together constitute but one and the same instrument.

18. If for any reason this Court should decline to approve this Stipulation in the form presented, this Stipulation is voidable at the sole discretion of any Party and the terms of the Stipulation may not be used as evidence in any litigation between the Parties.

19. The Parties hereby agree that, upon the Court's approval and entry of this Stipulation, it shall constitute a final Order of the Court.

## **ORDER**

As stipulated to and agreed by the parties, IT IS SO ORDERED AND ADJUDGED.

Dated: _____          _____
                                        United States District Judge

THE UNDERSIGNED PARTIES enter into this Stipulation of Settlement in the matter of <u>United States v. Morgan Stanley Capital Group Inc.</u>

**FOR THE UNITED STATES OF AMERICA:**

Dated: _____   _____
NATHANIEL DOUGLAS
Deputy Chief
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice

Dated: 12/12/17   _____
JAMES D. FREEMAN
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
999 18th Street
South Terrace, Suite 370
Denver, Colorado 80202

THE UNDERSIGNED PARTIES enter into this Stipulation of Settlement in the matter of United States v. Morgan Stanley Capital Group Inc.

**FOR THE UNITED STATES OF AMERICA:**

Dated: 12/4/17

LAWRENCE E. STARFIELD
Acting Assistant Administrator
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
Washington, DC 20004

Dated: 11/30/2017

ROSEMARIE A. KELLEY
Acting Director, Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
Washington, DC 20004

Dated: 11/29/2017

PHILLIP A. BROOKS
Director, Air Enforcement Division
Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
Washington, DC 20004

Dated: 11/17/17

MELISSA SCHEFSKI
Attorney-Adviser, Air Enforcement Division
Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
Denver, CO 80202

THE UNDERSIGNED PARTIES enter into this Stipulation of Settlement in the matter of <u>United States v. Morgan Stanley Capital Group Inc.</u>

**FOR MORGAN STANLEY CAPITAL GROUP INC.:**

Dated: November 16, 2017               _____

**CERTIFICATE OF SERVICE**

I hereby certify that on December 14, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on the following party by U.S. Mail:

Susan Harris
Sidley Austin LLP
One South Dearborn
Chicago, Illinois  60603

      /s/ James D. Freeman_____
JAMES D. FREEMAN